UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Scott, | ) C/A: 9:11-2208-CWH-BHH |
| )  |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Michael Ballenski, Detective; | ) |
| Tom Johnson, Solicitor; | ) |
| Miguel Leyva; and Shawnrika Burrison, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff, Curtis Scott ("Plaintiff"), is a state prisoner in the custody of the South Carolina Department of Corrections in Evans Correctional Institution, in Bennettsville, South Carolina. Proceeding *pro se* and *in forma pauperis*, Plaintiff brings this action on a state prisoner complaint form, alleging "false imprisonment, due process of the law, suggestive police lineup and misidentification, wrongful imprisonment, 4th and 14th Amendments fruit of poisonous tree doctrine," in connection with Plaintiff's criminal conviction for attempted armed robbery. ECF No. 1, p. 2. The Complaint names as Defendants the solicitor who prosecuted Plaintiff, the police detective who arrested Plaintiff, and two witnesses who identified Plaintiff in a photographic lineup and testified against Plaintiff at his trial. Plaintiff seeks compensatory damages from all Defendants in the total amount of $850,000. ECF No. 1, p. 5. The Complaint is liberally construed as an attempt to state claims of constitutional violations, pursuant to 42 U.S.C. § 1983.[1]

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*,

1

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned United States Magistrate Judge is authorized to review *pro se* complaints and petitions for relief and to submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B)(I), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### BACKGROUND

---

476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Plaintiff alleges that he "was falsely convicted in 2006 of Feb. for attempted armed robbery in Jasper County; his wrongful false imprisonment was totally based upon the Solicitor Tom Johnson, and the Detective Michael Ballenski['s] vindictive prosecution." ECF No. 1, p. 3. Plaintiff alleges "the only allege[d] evidence was circumstantial; it was a suggestive police misidentification and thus, not only was [Plaintiff] prejudice[d] from the way the photographic lineup was handled . . . but he was wrongfully imprisoned by Mr. Leyva and Ms. Burrison. *Id.* Plaintiff alleges that he "the suggestive identifications were the state[']s entire case." *Id.* Plaintiff also alleges that "evidence of the suggestive photo lineup must be suppress[ed] and excluded and conviction for alleged attempted armed robbery vacated and dismissed as a matter of law." ECF No. 1, p. 3 - 4.[2]

## DISCUSSION

Plaintiff's damages claims against all Defendants in this case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

[2] To the extent that Plaintiff seeks to challenge the validity of his state court conviction and sentence, Plaintiff cannot obtain such relief in this § 1983 case. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983). Pursuant to *Heck*, a prisoner who files suit in federal court may not seek monetary damages in a habeas action, and a state prisoner may challenge the legality of his or her conviction or sentence and the validity of his or her current confinement only through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.

> executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extends to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment).  Plaintiff has not successfully challenged his state court conviction.[3]  Therefore, because Plaintiff cannot allege the necessary element of the illegality of his state court conviction, he cannot show a constitutional injury and cannot state a cognizable § 1983 claim.  Additionally, Plaintiff's claim against Defendant Johnson for monetary damages is barred by the Solicitor's absolute prosecutorial immunity[4] under *Van de Kamp v. Goldstein,* _ U.S. _ *,* 129 S.Ct. 855 (2009); *Kalina v. Fletcher,*  522 U.S. 118 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman*,424 U.S. 416 (1976); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000); and *Carter v. Burch,* 34 F.3d 257 (4th Cir.

---

[3]  Plaintiff alleges that he "was convicted on Feb 2-3, 2006 and received thirteen (13) years." ECF No. 1, p. 3.  The Court takes judicial notice of Petitioner's prior proceedings in state court.  The Jasper County Fourteenth Judicial Circuit Public Index  website confirms that Plaintiff was convicted of robbery/attempted armed, or allegedly armed, robbery (indictment no. 2005-GS-27-00469) on February 2, 2006 in Jasper County General Sessions Court and sentenced to thirteen years.  *See* http://publicindex.sccourts.org/jasper/publicindex/PISearch.aspx?CourtType=G (last visited Sept. 14, 2011).  In addition, Plaintiff's  Complaint indicates that he is an inmate in Evans Correctional Institution and the South Carolina Department of Corrections' Incarcerated Inmate Search website further confirms that he is serving a thirteen-year sentence.  *See* https://sword.doc.state.sc.us/scdc-public/ (last visited Sept. 14, 2011).  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (collecting cases in which courts have held that postings on government websites are inherently authentic or self-authenticating).

[4]  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

4

1994). Prosecutors are protected by immunity for activities in or connected with judicial proceedings, such as criminal trials, bond hearings, grand jury proceedings, pretrial motions hearings, hearings, and ancillary civil proceedings. Defendant Johnson was engaged in prosecutorial functions "intimately associated with the judicial phase of the criminal process" when he prosecuted the criminal charge against Plaintiff in state court, thus he is immune from this suit under § 1983. *See Imbler*, 424 U.S. at 430. Also, Plaintiff is barred from bringing a suit for monetary damages against Defendants Leyva and Burrison, who were witnesses in the criminal proceeding against Plaintiff. Witnesses in criminal proceedings have absolute immunity in an action for damages brought under § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983); *Washington v. Wilmore*, 407 F.3d 274, 283 (4th Cir. 2005); *Brice v. Nkaru*, 220 F.3d 233, 239 n.6 (4th Cir. 2000); *Lowman v. Town of Concord,* No. 93-CV-0636E(F), 1995 U.S. Dist. LEXIS 3041, 1995 WL 108224 (W.D.N.Y., March 7, 1995) (collecting cases).

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 19, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).